Alfred A. Olbrycht v. Commissioner.
Olbrycht v. Commissioner
Docket No. 2068-64.
United States Tax Court
T.C. Memo 1966-249; 1966 Tax Ct. Memo LEXIS 35; 25 T.C.M. (CCH) 1276; T.C.M. (RIA) 66249; November 9, 1966
*35 Alfred A. Olbrycht, pro se, Oak Haven, Rt. 2, Box 785, Oakdale, Calif. James E. Merritt and Joseph Nadel, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income tax for the calendar years 1958 to 1961 as follows: Year
Deficiency
1958
$568.34
1959
647.74
1960
635.72
1961
940.71
For these years Alfred A. Olbrycht and Bertha K. Olbrycht, his wife, filed joint returns. The notice of deficiency was mailed to both Alfred and Bertha. The petition was filed by Alfred. As Bertha did not join in the petition, she is not a party before the Court. The issues for decision are (1) whether petitioner received unreported income in 1958 and 1959; (2) whether he is entitled to deductions disallowed by respondent; and (3) whether he is entitled to certain casualty losses claimed. Findings of Fact Petitioner and his wife resided on an 11-acre tract of land near Oakdale, California. They filed joint Federal income tax returns for the calendar years 1958, 1959, 1960, and 1961 with the district director of internal revenue at San Francisco, California. Petitioner was employed in the *36 taxable years as a teacher by the Stockton Unified School District. Petitioner and his wife advertised their tract of land as "Oak Haven Floral Garden," offering for sale "Indoor and outdoor plants all the year round." They offered oak tree seedlings for transplanting and purchased some plants for resale. They had an orchard as well as a greenhouse. Petitioner used the home as an office for this business. On their income tax returns petitioner and his wife reported gross income from rentals in the taxable years 1959 through 1961 in the respective amounts of $1,040, $1,140, and $1,140. They reported on Schedule F farm income from sales of grass and plants. The returns filed by petitioner and his wife reported: 1958
1959
1960
1961
Salary
$7,861.85
$8,193.48
$7,980.32
$9,102.60
Farm income
788.10
961.22
495.00
45.00
Farm expenses
4,678.18
4,355.95
2,903.06
3,096.44
Depreciation
397.50
424.65
659.07
3,724.65
Other deductions
250.00
375.00
Net form loss
4,537.58
4,194.38
3,067.13
6,776.09
Other income
441.94
577.56
225.92
2.50
Adjusted gross income
3,766.21
4,576.66
5,139.11
2,329.01
Taxable income
None
None
None
None
*37 In 1958 they claimed a loss of $250 for two oak trees blown down. In 1959 they claimed a loss of $375 for "5 oak trees down because of break in pipe line." Respondent disallowed some of the deductions claimed on the returns and disallowed other items in part, as not substantiated. Respondent also allowed certain deductions not claimed on the returns, such as mileage, postage, and magazines. Respondent's determination showed the following: 1958
1959
1960
1961
Loss reported on return
$ 839.73
$ 121.32
$ 116.47
$1,818.31
Unreported income
211.57
131.21
Deductions disallowed
3,964.53
3,597.04
2,980.08
6,636.20
Deductions allowed
1,361.15
1,558.56
582.05
184.89
Depreciation allowed
On Greenhouse
75.00
75.00
75.00
75.00
On other assets
50.00
50.00
50.00
50.00
Taxable income
2,841.72
3,238.72
3,178.62
4,639.58
Opinion The petitioner, who is not an attorney, drafted his own petition, testified as his only witness, and wrote his own briefs. His testimony was rambling and did not point out possible errors in respondent's determination. He maintains that he is a farmer, not a nursery operator. The respondent disallowed *38 a number of deductions claimed on the returns as business expenses on the ground that they did not constitute ordinary and necessary expenses of petitioner's business. Petitioner's testimony failed to show error in respondent's determinations. Some of the adjustments were favorable to petitioner. In determining rental income respondent allowed additional deductions which petitioner had not claimed. Respondent also allowed as deductions for business expenses amounts for mileage which petitioner had not claimed. Respondent determined that petitioner failed to report certain small amounts of income from his business. Petitioner's evidence did nothing to contradict this. On brief, petitioner refers to expenses of cultivating retail outlets for his products, and he states that he was breeding Dalmatian dogs as one of his projects. These matters were not mentioned in his testimony, and in the absence of evidence the Court is unable to determine whether any expenses relating to these subjects were incurred or are allowable. Statements made on brief are not evidence. Respondent allowed expenses of the farm operation in amounts exceeding the income therefrom but disallowed certain expenses *39 as not substantiated. Petitioner claimed a casualty loss of $250 for oak trees blown down in 1958. Respondent allowed a loss of $30. In general the measure of a casualty loss is the difference between the fair market value of a property before and after the casualty. Petitioner has offered no evidence to show that the loss in this case was greater than the amount allowed by respondent. A loss claimed for 1959 of $375 was disallowed as respondent found the trees had been diseased. There was no evidence to support petitioner's contention that the damage was due to casualty. Because petitioner has failed to carry the burden of proof that respondent's determination was erroneous, we must sustain that determination. Decision will be entered for the respondent.